421 A.2d 656

**COMMONWEALTH**

v.

**Joseph BLAIR, Appellant.**

Supreme Court of Pennsylvania.

Argued April 18, 1980.

Decided Sept. 22, 1980.

500

Daniel M. Preminger, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Steven Cooperstein, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Joseph Blair, was found guilty of murder of the first degree, aggravated assault, and possession of an instrument of crime. The charges arose out of an incident that occurred in the house of Gorman Keehn in Philadelphia. Appellant, one of five men present in the house, fired two shots. One bullet grazed the head of Joseph Kulda; the other struck and killed Robert Cooper. Following appellant's conviction, trial counsel filed post–verdict motions. Thereafter, new counsel for appellant filed supplemental post-verdict motions, alleging that appellant had been denied his constitutional right to effective assistance of counsel at trial. An evidentiary hearing was held on appellant's allegations. Post–verdict motions were denied and appellant was sentenced to a term of life imprisonment on the conviction of murder of the first degree, a concurrent term of imprisonment of two and one–half to five years on the conviction of possession of an instrument of crime, and a consecutive term of imprisonment of five to ten years for aggravated assault. This appeal followed.[1] We conclude that the record does not support appellant's allegations. We affirm.

Appellant first contends that trial counsel provided ineffective assistance because he failed to raise the issue of appellant's competence to stand trial. We disagree. It is

1. Appellant has appealed the judgment of sentence on all three counts directly to this Court. Notwithstanding appellee's untimely objection, we assume jurisdiction of the appeals from the judgment of sentence entered on the convictions of aggravated assault and possession on an instrument of crime. See, Pa.R.A.P. 741, 751, 2703.

uncontradicted that appellant had a recent history of mental illness prior to the shooting death of Robert Cooper. This fact is not dispositive of this issue, however, as one with a history of mental illness may, at a given time, be competent to stand trial. *Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979). Prior to trial, appellant underwent psychiatric evaluation to determine his competency to stand trial. He was first evaluated by a staff member of the Probation Department of the Philadelphia Court of Common Pleas. By report dated May 31, 1977, Francis Hoffman, M.D., stated that appellant knew his attorney and could cooperate with him, that he was oriented to time and place, that he understood the nature of the charges against him, but that he was considered an "explosive personality." For this reason, appellant was ordered to undergo evaluation for sixty days at Holmesburg Prison Forensic Diagnostic Center. Richard Schwartzman, D.O., of the Forensic Diagnostic Center, filed a report dated July 27, 1977, finding appellant competent to stand trial.

Appellant asserts that the medication administered daily by prison doctors should have compelled trial counsel to raise the issue of appellant's competency to stand trial. Initially we note that the administration of medication does not compel the conclusion that appellant was incompetent to stand trial. Indeed, we have held that even where an accused required medication to *sustain* a level of competency, this factor did not preclude a finding of competency to stand trial. *Commonwealth v. Tyson, supra.*

Appellant testified at the evidentiary hearing that he never told trial counsel that the medication interfered with his ability to concentrate. Trial counsel testified that prior to trial, upon learning that appellant received medication daily, he contacted Dr. Robert Sadoff, a qualified and practicing psychiatrist who had previously examined appellant. Dr. Sadoff assured trial counsel that the medication, in the doses administered, would not impair appellant's ability to understand the proceedings and would not prevent his cooperation with counsel. These are the critical factors to be

met in determining the legal sufficiency of an accused's mental capacity to stand trial. *Commonwealth v. Melton,* 465 Pa. 529, 351 A.2d 221 (1976). Trial counsel further testified that throughout the pretrial and trial proceedings he remained convinced that the medication taken by appellant in no way interfered with his ability to stand trial. The trial judge, in his opinion in support of the denial of post–verdict motions, also stated that his personal observations of appellant at the suppression hearing and during trial were consonant with Dr. Sadoff's conclusion.

■ It is clear that counsel gave this issue careful consideration. He utilized his own discerning observations and additionally relied upon three experts' opinions in arriving at his reasoned judgment that appellant was competent to stand trial. A decision by counsel not to take a particular action does not constitute ineffectiveness if it is based upon a reasonable conclusion that there will be no benefit and is not the result of sloth or ignorance of available alternatives. *Commonwealth v. Hubbard,* 485 Pa. 353, 402 A.2d 999 (1979).

■ Appellant next argues that trial counsel's failure to present testimony on the motion to suppress appellant's statement constituted ineffective assistance of counsel. Counsel attacked the statement as involuntarily given, based only on the direct and cross–examination of the detective who had questioned appellant. We find that trial counsel had sound tactical reasons for not offering the testimony of appellant and his sister; therefore, this allegation is without merit.[2]

Appellant's sister, who was called to the police station on the day of appellant's arrest, testified at the evidentiary hearing that she believed her brother had been intoxicated at the time he made his statement. She further claimed

2. As the Commonwealth has argued, it is significant that the statement to have been suppressed was not even introduced at trial. Although appellant suggests that the threat of its introduction deterred him from testifying, we note that appellant's version of the facts offered at the evidentiary hearing was consistent with the statement given to police. Thus we fail to see any prejudice resulting from the denial of the motion to suppress.

that although she did not read the statement, she told appellant to sign it and then signed it herself. She did not know if she had told these things to trial counsel.

Trial counsel, however, suffered no lapse in memory. He testified that appellant's sister did not tell him anything about the taking of the statement that could have been used to attack its voluntariness. She never mentioned her belief that appellant had been intoxicated nor did she admit that she had not read the statement.

The other witnesses who might have testified were appellant and defense psychiatrist, Dr. Sadoff. Trial counsel testified that he balanced the potential gains that this testimony might have achieved against the risks attendant to such action. First, any psychiatric testimony would have simply bolstered the Commonwealth's assertion that appellant was well–oriented and able to competently waive his rights. This was based upon discussions with Dr. Sadoff. Second, trial counsel anticipated cross–examination based upon appellant's prior homicide conviction insofar as he would have been familiar with the procedure followed during and after arrest. Based upon discussions with appellant's prior attorney and with appellant, trial counsel concluded that this was a fertile area of attack. Finally, since it was still uncertain at this point whether or not appellant would testify at trial, trial counsel considered the fact that statements appellant made at the suppression hearing could have been used as a basis to impeach at trial.

Based upon the above factors, the inconsistencies trial counsel believed he had exposed through his cross–examination of the detective who had taken appellant's statement, and the fact that appellant was reluctant to testify, we conclude that trial counsel had a reasonable basis for resolving the strategic decision in the manner in which he did. Thus, this allegation will not support a finding of ineffective assistance of trial counsel. *Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979).

Appellant's third assertion of ineffective assistance is based upon trial counsel's failure to request a ruling by the

trial court that the Commonwealth could not introduce appellant's prior voluntary manslaughter conviction, pursuant to *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), and that this failure resulted in a chilling of his exercise of the right to testify. This allegation borders on the absurd.

*Commonwealth v. Bighum, supra,* held that prior convictions, only in the nature of *crimen falsi*, and only under certain circumstances, may be used to impeach an accused's credibility. The prosecutor testified at the evidentiary hearing that he had been precluded from using appellant's prior conviction at trial and that he would not have used it even if the court would have allowed it. Appellant's trial counsel testified that he and the prosecutor had a clear understanding that the prior conviction would not and could not have been used to attack appellant's credibility, should he have chosen to testify. Trial counsel also stated that he never told appellant, nor appellant's sister, that the prior conviction might be used against him if he elected to testify, contrary to what they both claimed. The trial court also noted at the evidentiary hearing that during an informal in–chambers discussion during trial it was clearly stated that the court would not permit the admission of appellant's prior conviction for any purpose.

■ Furthermore, since appellant's prior conviction was not for a crime involving dishonesty or false statement, it was *per se* inadmissible. Therefore, no pretrial ruling as to its admissibility was required. Counsel is not deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Hosack, supra.* As the claim was meritless, counsel's decision not to request a *Bighum* hearing was consistent with a reasonable course of action. *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Appellant next argues that trial counsel was ineffective because he failed to present a voluntary intoxication or diminished capacity defense. We do not agree. Trial counsel maintained that whether or not a defense would be presented had remained undecided throughout the Common-

wealth's case–in–chief. Trial counsel further asserted that he had explored the possibility of presenting a defense of diminished capacity or voluntary intoxication. He was prepared to present psychiatric testimony and had given appellant a copy of the statement made to police so that appellant could prepare his testimony.

Trial counsel testified that he believed he had emphasized serious defects and inconsistencies in the Commonwealth's case during his cross–examination of the prosecution's witnesses. Since the presentation of a defense of diminished capacity or voluntary intoxication would concede criminal liability and virtually eliminate the chance of an acquittal, trial counsel advised appellant to forego the above defense in favor of an attempt to win outright acquittal. *Commonwealth v. Walzack*, 468 Pa. 210, 360 A.2d 914 (1976); 18 Pa.C.S.A. § 308.

Within the ambit of his assertion that the failure to present a defense constituted ineffective representation at trial, appellant suggests that trial counsel erred when he did not call a potential witness to the stand. Although James Staub had been with appellant on the day of the shooting, trial counsel concluded that his testimony would have corroborated the testimony of the Commonwealth's witnesses and would have hurt appellant. Trial counsel also theorized that Staub had been the person who had discovered the victim's body and had called the police. Since the Commonwealth had established that the police knew of the murder before the Commonwealth's witnesses had reported it, trial counsel had argued at trial that someone else must have been present at the scene. Counsel feared Staub's testimony would fill the gap in the Commonwealth's case. Contrary to appellant's assertion that this is of no importance, we believe it is one of the many considerations that must be weighed when plotting trial strategy.

The decision not to present a particular defense is a tactical one and will not be deemed ineffective stewardship if there is a reasonable basis for that position. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

 This Court will not substitute its determination for that of counsel as to what course of action would have been more effective in promoting the client's interest. *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976). The record discloses a reasonable basis for counsel's trial decision; therefore, we will not find his representation ineffective. *Com. ex rel. Washington v. Maroney, supra.*

Appellant's claim that trial counsel misled him as to whether a defense would be presented is equally without merit. Trial counsel testified that he thoroughly discussed all aspects of the case with appellant. He testified that he was prepared to present a defense, including presenting appellant's own testimony. He advised appellant not to testify only after the conclusion of the Commonwealth's case—in—chief, and at all times asserted that the final decision rested with appellant. The record discloses that trial counsel at all times attempted to advance appellant's interests and that he made thorough, well—reasoned judgments as he determined what he reasonably believed to be his best trial strategy.

Having considered all of appellant's allegations, we find no error.

Judgment of sentence affirmed.