467 A.2d 1159

**COMMONWEALTH of Pennsylvania**

v.

**Otis R. OWENS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1983.

Filed Nov. 4, 1983.

Paul Gordon Hughes, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, BROSKY and BECK, JJ.

BECK, Judge:

This appeal is a claim of ineffectiveness of trial counsel brought under the Post Conviction Hearing Act, 19 P.S. 1180–1 *et seq.* Appellant Otis R. Owens charges that his trial counsel was ineffective for failing to retain a psychiatrist or psychologist regarding the possibility of a plea of not guilty by reason of insanity or a defense of diminished mental capacity. He also claims his counsel was ineffective because of his lack of preparation for trial, and his failure to petition to withdraw a guilty plea.

Owens was arrested in April 1975 for the murder of the Reverand John Wesley McDonald and the shooting of his wife. Owens pleaded guilty to third degree murder and aggravated assault on September 16, 1975. He was sen-

tenced to seven to fifteen years for murder and five years for aggravated assault, to run consecutively. A petition to reconsider sentence was denied. No petition to withdraw the guilty plea was filed, and no direct appeal was taken. A hearing on the P.C.H.A. petition was held in June 1980 and this appeal followed a denial of relief. Owens is now represented by new counsel.

The circumstances of Owens' arrest were these: Owens met Paul McDonald, the son of the Reverend and Mrs. McDonald, in order to arrange the purchase of a television set. Owens agreed to buy the set and stated he would return shortly with the money. When Owens returned, he learned from the young McDonald that the set was already sold. Owens thereupon threatened to kill Paul McDonald; followed him to his home; and ultimately shot both of Paul's parents, killing his father and seriously wounding his mother. Police, who arrived on the scene almost immediately, found spent ammunition upon Owens' person.

Prior to trial, Owens told his counsel that he had suffered a head injury several years earlier and that surgery had been performed to remove a blood clot. Counsel then consulted the neurosurgeon who performed the operation, Robert P. Kamrin, M.D., to find out whether Owens' violent outbursts and uncontrolled behavior would support an insanity defense. In Dr. Kamrin's view Owens was capable of distinguishing right from wrong. On the basis of an exchange of letters with Dr. Kamrin, counsel concluded that he did not have a foundation for an insanity defense, and decided not to prepare such a defense. N.T.P.C.H.A. 43–47.

The issue here is whether trial counsel was ineffective for failing to pursue the matter of Owens' mental state with a psychologist or psychiatrist.

We begin by noting that this is not a challenge to expert opinion at trial. It is a charge of not procuring the proper expert in order to prepare a defense in Owens' behalf. Dr. Kamrin, who was consulted during discovery, was an eminently suitable physician to consult on the question in issue because he was the specialist who had treated Owens for

his head injury. Kamrin's specialty, neurosurgery, is a field of medicine which treats disorders of the central nervous system and which is closely related to the fields of psychiatry and psychology in the study of complex upper level functions of the brain. See A. Moensses, R. Moses, and F. Inbau, *Scientific Evidence in Criminal Cases,* §§ 3.10–3.13 (1978).[1]

Counsel's correspondence with Dr. Kamrin shows that counsel gave serious consideration to the viability of a possible defense based on Owens' mental state, and decided, after receiving professional advice, not to go forward with such a defense.

■ The test for evaluating effectiveness of counsel is whether the underlying claim of ineffectiveness has some arguable merit, and if so, whether the course chosen by counsel had some reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* 235 A.2d 349, 427 Pa. 599 (1967). The function of the appellate court is not to determine whether some other alternative was more reasonable. *Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Price,* 306 Pa.Super. 507, 452 A.2d 840 (1982).

■ If, *arguendo,* Dr. Kamrin had been called as an expert witness to testify regarding Owens' sanity or competency, it is reasonable to assume that his opinion would have been admissable in evidence. A witness who has any reasonable basis of special knowledge on a subject may testify. *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981). Under Pennsylvania law, a physician may testify as an expert in a field outside his own specialty. *Arnold v. Loose,* 352 F.2d 959 (3d C. 1965), reh. den. (construing Pennsylvania law in an action brought under the Wrongful Death and Survival Acts). Once an expert shows some factual basis for his opinion, his testimony is admissable. *Kravinsky v. Glover,*

1. See *Simmons v. Mullen,* 231 Pa.Super. 199, 331 A.2d 892 (1974) on the close relationship of neurosurgery and clinical psychology in treating organic brain malfunction.

263 Pa.Super. 8, 396 A.2d 1349 (1979); *Commonwealth v. Oates,* 269 Pa.Super 157, 409 A.2d 112 (1979). A physician need not have any field of specialization in order to be competent to offer expert testimony. *Workmen's Compensation Appeal Board v. Branch Motor Express,* 18 Pa. Commw. 262, 334 A.2d 847 (1975).

We are guided by two Supreme Court cases in which claims of ineffectiveness for failure to prepare an insanity or incompetency defense were dismissed as meritless. In *Commonwealth v. Blair,* 491 Pa. 499, 421 A.2d 656 (1980) the Court found no ineffectiveness on the part of defense counsel for not raising the issue of the accused's competency to stand trial, despite a recent history of mental illness and medication:

> It is clear that counsel gave this issue careful consideration. He utilized his own discerning observations and additionally relied upon three experts' opinions in arriving at his reasoned judgment that appellant was competent to stand trial. A decision by counsel not to take a particular action does not constitute ineffectiveness if it is based upon a reasonable conclusion that there will be no benefit and is not the result of sloth or ignorance of available alternatives. *Commonwealth v. Hubbard,* 485 Pa. 353; 402 A.2d 999 (1979) (491 Pa. at 503, 421 A.2d at 658).

While in the instant case only one expert instead of three was consulted, we believe that Dr. Kamrin's familiarity with Owens' medical history over the years made his opinion a sufficient basis upon which trial counsel could effectively make his decision.

*Commonwealth v. Martinez,* 498 Pa. 387, 446 A.2d 899 (1982) held that failure to mount an insanity defense did not constitute ineffectiveness where counsel considered the issue carefully, and rejected it because another line of defense had a reasonable basis designed to protect the defendant's interest. Owens' counsel, after consulting an appropriate medical authority, decided that Owens' best interest was served by a guilty plea to third degree murder. This option was discussed with Owens, with Owens' family, and

with the District Attorney at some length. Defense counsel testified that after information from Dr. Kamrin convinced him that an insanity or incompetency defense would fail, and considering that Owens would face a jury trial in which eyewitnesses would testify against him, and that Pennsylvania had a death sentence at the time that Owens was facing trial, he decided that a third degree conviction, which the Commonwealth was offering as a plea, was the most favorable resolution of the case that he could hope to obtain. N.T.P.C.H.A. 54–6.

Since it is reasonable to assume that Dr. Kamrin would have qualified as an expert witness on Owens' condition at a trial, it was certainly reasonable for counsel to have taken Dr. Kamrin's advice regarding the lack of viability of an insanity or incompetency defense for the accused.

We, therefore, hold when trial counsel seeks advice on whether to prepare an insanity or incompetency defense, the consultation should be with a qualified professional who has a reasonable basis of special knowledge, in order to assist in making that decision an informed decision. In this instance, the consultation meets that standard. Owens cites no case which imposes an obligation on trial counsel to consult a psychiatrist or psychologist in order to make a decision on whether to pursue such a defense, and we decline to place this obligation on trial counsel as a test of Sixth Amendment effectivenss. We therefore find no ineffectiveness of trial counsel on this issue.

We have reviewed Owens' second claim, that his counsel should have arranged for examinations and photographs of Owens' home in order to support an insanity plea. In fact, counsel did petition the court for a medical investigator, who turned up nothing of value in hospital records or in interviews of neighbors of the victims. N.T.P.C.H.A. 47–49. In light of our discussion of the first issue, and Dr. Kamrin's conclusions and advice, we find it unnecessary to respond in detail to the second issue, other than to say that we find no merit in it.

Owens' final contention is that his counsel was ineffective for failing to challenge a defective guilty plea. He contends that trial counsel should have petitioned to withdraw the guilty plea as involuntarily entered, and lacking the essential elements of a knowing and intelligent waiver of a right to trial by jury. Owens, who never requested trial counsel to file a petition to withdraw his guilty plea nor to appeal on the basis of involuntariness, did in fact request his trial counsel to petition for a reduction in his sentence. N.T.P.C. H.A. 69. Such a petition was filed in response to his request, and ultimately denied.

■■■■■ It is axiomatic that a disappointed expectation regarding a sentence does not constitute grounds for withdrawing a guilty plea. *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). Upon entry of a guilty plea, all challenges to the plea are waived except challenges to voluntariness and to the jurisdiction of the court. Allegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis of relief only if ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), cert. den. 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781; *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Fultz*, 316 Pa.Super. 260, 462 A.2d 1340 (1983). Once a defendant has pleaded guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976). The burden of proof in a P.C.H.A. hearing is upon the petitioner. *Commonwealth v. McCloud*, 312 Pa.Super. 29, 458 A.2d 219 (1983).

In this challenge, Owens claims that his trial counsel should have established involuntariness by asserting that the plea colloquy omitted mention of burden of proof, the accused's right to remain silent, that the silence could not be used against him, and a definition of reasonable doubt. The guidelines for a sufficient guilty plea are contained in

the comment Pa.R.Crim.P. 319.[2]  The record clearly reveals that in an extensive colloquy all the requirements of Rule 319 were met (N.T. September 16, 1975, 80–95).  Moreover, prior to the colloquy in court, Owens had the benefit of a pre-plea discussion with counsel and his family.  N.T. 72.

Whether a guilty plea can withstand a challenge must be determined from the totality of circumstances surrounding the plea, and the challenge must go beyond a mere claim of technical violation.  *Commonwealth v. Shaffer, supra; Commonwealth v. Martinez, supra.*  A challenge which is made after sentence is imposed requires a showing of manifest injustice.  *Commonwealth v. Wilcox,* 189 Pa.Super. 312, 458 A.2d 575 (1983); *Commonwealth v. Kale,* 312 Pa.Super. 69, 458 A.2d 239 (1983).  In Owens case, we find no showing of manifest injustice resulting from the plea, and no ineffectiveness of counsel for failing to challenge its voluntariness.  *Cf. Commonwealth v. Siebert,* 305 Pa.Super. 321, 451 A.2d 552 (1982) (failure to state either the phrase "presumed innocent" or "presumption of innocence" did not render guilty plea invalid); *Commonwealth v. Warren,* 307 Pa.Super. 221, 453 A.2d 5 (1982) (guilty plea colloquy not defective for failure to include statement about right to trial without a jury); *Commonwealth v. Anthony,* 307 Pa.Super. 312, 453 A.2d 600 (1982) (guilty plea colloquy withstands challenge that it was defective for failing to mention that jury verdict must be unanimous).

**2.** The minimum content of the colloquy imposed by the Rule is:
(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he has the right to trial by jury?
(4) Does the defendant understand that he is presumed innocent until he is found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The order of the lower court denying relief under the Post Conviction Hearing Act is affirmed.