## Shuttle v. Abate

*Craig A. Markham*, for plaintiff.
*David Holland*, for defendants Abate.
*Stephen Hutzelman*, for defendants Marine Midland Bank.

LEVIN, *J*., April 22, 1986—This matter is before the court on a motion to amend new matter and counterclaim filed by defendants Dominick Abate and Constance Abate. In said motion to amend the counterclaim, under paragraphs five and six of the requested amended counterclaim, the following language appears:

"5. Defendants' original counterclaim is incorporated herein by reference.

"6. Defendants' amended new matter is incorporated herein by reference."

The original complaint in this case was an action to quiet title filed on April 18, 1985. Defendants

Dominick Abate and Constance Abate filed their answer, new matter and counterclaim on August 28, 1985. In the answer, new matter and counterclaim, defendants asked for equitable relief, to-wit, "specific performance, which requested a decree directing and ordering plaintiffs to deliver a fully executed deed." Marine Midland Bank filed preliminary objections on May 8, 1985.* Plaintiffs filed on September 25, 1985, a reply to new matter and counterclaim. Defendants Dominick Abate and Constance Abate filed their motion to amend counterclaim and new matter on February 13, 1986. On April 15, 1986, plaintiffs filed a motion to voluntarily discontinue the lawsuit and then, on April 17, 1986, the court issued an order allowing said discontinuance.

In reviewing this case and the applicable law and pleadings, the court must first look to see what power the court has, if any, to allow amendments to pleadings. This matter was fully discussed in the case of Tanner v. Allstate Insurance Company, 321 Pa. Super. 132, 467 A.2d 1159 (1985). In that case the court said:

"Amendments to pleadings should be liberally allowed in order to secure determination of cases on their merits, except in those instances where surprise or prejudice to other party would result, or where proposed amendment is against positive rule of law.

"If the proposed amendment to pleadings is against a positive rule of law, it should not be allowed, since its allowance would be futile, and it would cause delay and waste resources of court and opposing party." Supra, at 138, 139, 1164, 1165.

---

* The preliminary objections have already been ruled on in this matter and this issue is moot in as much as plaintiffs filed a voluntary discontinuance which was approved by the court.

With this in mind, the question now becomes whether this case is within the exception to the general rule of law allowing the amendment of pleadings. This case is within the aforementioned exceptions.

First and foremost is the reason that the amendment would be against a positive rule of law. This rule of law was fully discussed in Krout Builders, Inc. v. Kramer, 63 D.&C.2d 358 (1973). In that case, the court said as follows:

"In an action to quiet title by determining a right or interest in land, may a defendant counterclaim for equitable injunctive relief? . . .

"Pennsylvania Rule of Civil Procedure 1061(a), following the format of all of the rules, conforms the procedure in actions to quiet title to that in assumpsit. Pennsylvania Rule of Civil Procedure 1031 provides that in assumpsit a counterclaim may be asserted which either 'arises from the same transaction or occurrence' on which plaintiff sues, or which 'arises from contract or is quasi-contractual.' Furthermore, subsection (b) of the same rule provides that the counterclaim may demand relief 'different in kind from that demanded by the plaintiff.' . . . Furthermore, one authority states that 'It should be . . . held that there is no authority to assert a counterclaim in an action to quiet title and that Rule 1031 is inapplicable': 3 Anderson, Pa. Civ. Prac. §1061.86. In concurrence. Thomas v. Vernneri, 17 D.&C.2d 379 (1958), held that in an action to quiet title in the nature of a rule to bring ejectment, a counterclaim for equitable relief may not be pleaded." Supra, at 359, 360, 361. In making this ruling, the court also follows the rule set forth in 30 P.L.E. Quiet Title §25, which states that "no counterclaim is permitted in the answer in an action to quiet title." If the court would allow an

amendment to defendants' counterclaim at the present time, it would give its blessing and approval to the entire counterclaim. Defendants, in making their motion to amend, did not eliminate any of the allegations of the counterclaim as originally filed but to the contrary incorporated and pleaded same. By doing so, they not only averred those original allegations but presented them to the court for approval. Therefore, to permit an amendment in this case of defendants' counterclaim would be a waste of time since it violates the applicable law.

The court admits that there is a case known as Coukart v. Totten, 21 D.&C.2d 29 (1959), which seems to reach a different result. A careful review of that case shows that it is easily distinguishable since the counterclaim did not request equitable relief as sought in this case, but rather monetary damages.

As an aside, since the complaint at the present time has been withdrawn, allowing an amendment by defendants to its counterclaim could well prejudice plaintiffs. Standing by itself, this may not be a sufficient justification for the court's refusal to allow the amendment. Nevertheless, when considered with the other statements contained in this opinion, this forms another reason to refuse to allow the amendment at this late date.

Plaintiffs cite the cases of First National Bank of Mocanaqua v. Halliday, 17 D.&C.3d 446 (1980), and Deakins v. Roofing, Inc., 119 Pitts. L.J. 58 (1970), in support of their position. Again, these cases are distinguishable in that neither involves an action to quiet title.

In view of all the reasons stated in this opinion, defendants' motion to amend their counterclaim is hereby denied.

## ORDER

And now, this April 22, 1986, it is hereby ordered, adjudged, and decreed that the motion to amend filed by defendants Dominick Abate and Constance Abate is hereby denied.