J-S68029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER LEE HARRIS | |
| Appellant | No. 211 WDA 2016 |

Appeal from the PCRA Order dated January 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008631-2011

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 15, 2016**

Appellant, Christopher Lee Harris, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant asserts that his trial counsel was ineffective for recommending a sentence to the court which was longer than the minimum sentence recommended by the guidelines. Upon review, we affirm.

This Court laid out the underlying facts of the case when we affirmed Appellant's judgment of sentence:

> [Appellant] lived with the victim, Alison Studvant, on the 1500 block of Marlboro Avenue in Wilkinsburg. On July 1, 2011, [Appellant], his girlfriend, the victim, and the victim's boyfriend, were drinking. After the victim's boyfriend departed, the victim solicited [Appellant] and his girlfriend for a group sexual encounter, and allegedly attempted to kiss [Appellant]'s

---

[*] Retired Senior Judge assigned to the Superior Court.

girlfriend. [Appellant], angered by the victim's interaction with his girlfriend, and at the sexual solicitation, began arguing with the victim. The victim then left the room, went into the kitchen, returned with two knives, and began swinging the knives around. [Appellant] then approached the victim and attempted to disarm her. In the process of attempting to disarm the victim, [Appellant] was cut on the arm, cheek and under his eye. [Appellant] and the victim continued arguing, and when the victim left the room and went upstairs, [Appellant] leaned out of the front door and fired four shots into the air. The victim returned downstairs minutes later, and more arguing ensued. The victim continued swinging knives and struck [Appellant] in the wrist and face. [Appellant] then took several steps backwards, and, although aware of his opportunity to leave the premises, raised his gun to the victim's upper torso and fired twice, striking her in the left breast. The victim slumped against the wall, and when she attempted to regain her footing, [Appellant] shot her in the ankle. The victim subsequently died from her injuries.

[Appellant] was arrested and charged with one count of criminal homicide. [Appellant] filed a pre-trial motion to suppress his statements to the police, which the trial court subsequently denied. On February 1, 2012, at the conclusion of a jury trial, [Appellant] was found guilty of third-degree murder.[1]

*Commonwealth v. Harris*, 1395 WDA 2012, at 1-2 (Pa. Super., July 30, 2013) ("*Harris I*") (unpublished memorandum) (citations to the record and footnote omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

At Appellant's sentencing hearing on April 30, 2012, his trial counsel presented three witnesses who spoke on Appellant's behalf: Appellant's mother, Appellant's older brother, and a member of Appellant's church. N.T., 4/30/12, at 4-9. Appellant's counsel argued for leniency because Appellant

---

[1] 18 Pa.C.S. § 2502(c).

- 2 -

had no prior contact with the criminal justice system and had been lawfully carrying a registered firearm at the time of the shooting. *Id.* at 9-10. Appellant's trial counsel concluded her sentencing argument with the following: "For those reasons, Your Honor, his guidelines start at 90 months. I would suggest a sentence starting at 120 months." *Id.* at 10:18-20. Appellant thereafter exercised his right of allocution, saying only "I'm sorry." *Id.* at 10:22.

In response, the Commonwealth presented three witnesses: the victim's mother, daughter, and sister. N.T., 4/30/12, at 11-15. The Commonwealth did not make argument or recommend a sentence to the trial court.

When sentencing Appellant, the judge stated that he took into consideration Appellant's Behavior Clinic Evaluation and Pre-Sentence Investigation Report. N.T., 4/30/12, at 15. The judge also noted that he incorporated the testimony from the jury trial into the sentencing hearing,[2] and acknowledged that the standard sentence range was 90 to 240 months' minimum incarceration. *Id.* at 16. Appellant received a sentence of 120 to 240 months' incarceration, or ten to twenty years. *Id.*

Appellant filed a post-sentence motion for a new trial on May 1, 2012, in which he challenged the sufficiency and weight of the evidence supporting

---

[2] The judge did not indicate any particular portion of the trial testimony that aided him in his sentencing.

his conviction. Post-Sentence Mot., 5/1/12. The trial court denied the motion on August 14, 2012. Trial Ct. Order, 8/14/12.

Appellant filed a timely notice of appeal through counsel on September 12, 2012,[3] challenging the sufficiency and weight of the evidence. *Harris I* at 3. On July 30, 2013, this Court affirmed the judgment of sentence. PCRA Ct. Op., 6/3/16, at 2. On December 4, 2013, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Id.*

On May 6, 2014, Appellant filed a timely *pro se* PCRA Petition. PCRA Ct. Op., 6/3/16, at 2.[4] In his petition, Appellant alleged that his trial counsel was ineffective for suggesting a sentence above the minimum range in the Pennsylvania Sentencing Guidelines, 204 Pa. Code §§ 303.1 *et seq.*:

> [Trial counsel] had no reasonable basis for suggesting that [Appellant's] sentence [] start above the standard range on the guidelines where prior to making that suggestion, [Appellant's] counsel stated facts of [Appellant's] no prior criminal history [and] no run-in's with the police leading the court to consider the mitigating circumstances for a possible mitigated sentence of seventy-eight (78) months. [Counsel's request for a sentence

---

[3] Appellant also filed *pro se* notices of appeal on August 30, 2012, and September 4, 10, and 11, 2012. Notice of Appeal, 8/30/12; Notice of Appeal, 9/4/12; Notice of Appeal, 9/10/12; Notice of Appeal, 9/11/12.

[4] The petition was filed within one year of December 4, 2013, the date Appellant's judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1) (stating that generally a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final); 42 Pa.C.S. § 9545(b)(3) (for purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

starting at 120 months] displayed incompetence, and did not further her client['s] [] interest. . . . Such an error show[]s that [there] is a reasonable probability that but for counsel's unprofessional errors [] the outcome of the hearing would have been different.

PCRA Pet., 5/6/14, at ¶¶ 22-23.[5]

The PCRA court appointed counsel, and on August 5, 2014, counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA Ct. Op., 6/3/16, at 2. In her **Turner/Finley** letter, Appellant's PCRA counsel asserted that Appellant was complaining about his trial counsel's failure to raise an excessive-sentence claim in Appellant's post-sentence motion. **Commonwealth v. Harris**, 1586 WDA 2014, at 10 (Pa. Super., June 5, 2015) ("**Harris II**") (unpublished memorandum disposing of Appellant's appeal from adverse decision on his 2014 PCRA petition). Appellant's PCRA counsel concluded that Appellant's trial counsel was not ineffective for failing to preserve that issue. **Id.** The PCRA court granted appointed counsel's petition to withdraw and issued a notice of its intent to dismiss the petition without a hearing, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. PCRA Ct. Op., 6/3/16, at 2-3.

_____

[5] The parties do not dispute the applicable sentencing guidelines. The mitigated range began at a minimum of 78 months; the standard range was a minimum of 90 to 240 months. The statutory limit was a minimum of 240 months. PCRA Ct. Op., 6/3/16, at 7.

Appellant responded to the Rule 907 notice on August 18, 2014, alleging PCRA counsel's ineffectiveness. *Id.* at 3. On September 17, 2014, the PCRA court dismissed the petition without a hearing. *Id.*

On September 25, 2014, Appellant filed a timely *pro se* appeal of the dismissal of his PCRA petition. PCRA Ct. Op., 6/3/16, at 3. Appellant asserted that his trial counsel was ineffective for suggesting a sentence above the minimum or mitigated sentence range, that he had a right to an evidentiary hearing on trial counsel's effectiveness, and that his appointed PCRA counsel was ineffective for misconstruing his PCRA issue. *Harris II* at 6-7.

On June 5, 2015, this Court issued its *Harris II* decision disposing of Appellant's appeal. We held that Appellant's claim was similar to a claim that trial counsel was ineffective for failing to object to an erroneously higher calculated guideline range, *see Commonwealth v. Barnes*, 593 A.2d 868, 871 (Pa. Super. 1991), and that such "a claim of ineffectiveness that trial counsel **affirmatively** recommended that the trial court impose a higher sentence than the lower end of the **correct** standard range . . . has arguable merit." *Harris II* at 8 (emphasis in original). Because no evidentiary hearing was conducted to determine whether trial counsel had a reasonable basis for requesting a 120-month sentence, and because the retired trial judge was unavailable to speak to whether trial counsel's remarks caused prejudice to Appellant, we were unable to rule on trial counsel's ineffectiveness. *Id.* at 8-

9; ***see Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) (to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove that the underlying legal claim has arguable merit, that counsel had no reasonable strategic basis for his action, and that the petitioner was prejudiced by counsel's action or inaction).

We also held that PCRA counsel was ineffective for misstating Appellant's PCRA issue. ***Harris II*** at 9-12. That mischaracterization, upon which the PCRA court relied when dismissing the petition, undeniably prejudiced Appellant. ***Id.*** at 11-12. We therefore vacated the order dismissing the petition, remanded the case for an evidentiary hearing on trial counsel's ineffectiveness, and relinquished jurisdiction. ***Id.*** at 12.

On August 10, 2015, the PCRA court appointed new counsel for Appellant. PCRA Ct. Op., 6/3/16, at 3. On August 31, 2015, appointed counsel filed an amended PCRA petition that presented the following issue: "Was trial counsel ineffective for failing to argue the mitigated sentence or at the very least, a minimum sentence?" Amended PCRA Pet., 8/31/15, at 1.

The PCRA court conducted an evidentiary hearing on October 14, 2015. At the hearing, Appellant's trial counsel testified that she did not ask for a mitigated (78-month minimum) sentence, because it "wasn't indicated under the facts of the case." N.T., 10/14/15, at 11. She explained that she feared that if she had asked for an unreasonably low sentence, the Commonwealth would have argued for a higher sentence, ***id.*** at 25, or the

judge might have punished her client with a higher sentence. *Id.* at 19. She believed a ten to twenty year sentence was low for what Appellant could expect for his conviction, "especially in Allegheny County where twenty to forty is almost standard." *Id.* at 10. She felt "leaving it to the judge's discretion would have absolutely ended at a twenty to forty [year] sentence, whereas asking for a specific sentence, there was a chance he would not be sentenced to the top end of the standard range, if you will." *Id.*

The PCRA court dismissed Appellant's amended petition on January 21, 2016. PCRA Ct. Op., 6/3/16, at 4. In its opinion, the PCRA court noted the following from the evidentiary hearing:

> 1. [Appellant's trial counsel] testified that she asked for a sentence of ten to twenty years, which she believed was appropriate under the circumstances, albeit a low sentence for someone convicted of third degree murder. According to [trial counsel], in Allegheny County, twenty to forty years is almost standard for murder in the third degree. She felt that if she left it to the judge's discretion, it would have absolutely ended up at a twenty to forty year sentence. She felt that if she asked for a specific sentence, there was a chance he would not be sentenced to the top end of the standard range. She further testified, based on her years of legal experience, a mitigated range sentence was not indicated under the facts of the case.
>
> 2. Her decision to ask for ten to twenty years instead of 78 months (the mitigated range) or 90 months (the low end of the standard range) was based upon what she believed was appropriate under the circumstances.
>
> 3. [Appellant's trial counsel] feared if she asked for a mitigated-range sentence, the Commonwealth would argue for the higher sentence of twenty to forty years.
>
> 4. The Court asked [trial counsel] if one of the reasons she asked for a specific range was to try and remove or take out of

- 8 -

the judge's consideration the higher range sentence in the standard guidelines. Her answer was that was one of the reasons, because she did not believe 20-40 years was appropriate for [Appellant]. [Trial counsel] emphasized to maintain her credibility with the court, she did not argue for either a mitigated or low range in the standard range.

5. The Court next asked her if it was her rationale and strategy that if she asked for a lower-range sentence, 90-180 or plus, the judge might say a higher sentence is what he'd get, 240-480. She answered yes; and

6. The Court then asked her if she took a bold approach and asked for something in the middle rather than the low end or high end to reduce the likelihood of the higher range. She stated, "That's correct."

PCRA Ct. Op., 6/3/16, at 8-9 (citations to the record omitted). The PCRA court held that Appellant failed to prove the second prong of the ineffectiveness test (that trial counsel lacked a reasonable basis for her actions):

[Appellant's trial counsel] abundantly explained her trial strategy and why she asked for a sentence above the mitigated range and lower end of the standard range. Counsel was trying to protect her client from receiving a 20-40 year sentence. Counsel's actions were reasonable.

*Id.* at 9. The PCRA court stated that it dismissed Appellant's petition solely on the basis of the reasonable basis prong, and did not make a finding regarding prejudice to Appellant. *Id.* at 10.

Appellant, through his appointed counsel, timely appealed from the order dismissing his amended petition on February 10, 2016, and it is that appeal that is now before this Court. Notice of Appeal, 2/10/16. On February 17, 2016, the PCRA court ordered Appellant to file a Concise Statement of

Errors Complained of on Appeal, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Order, 2/17/16. Appellant filed his Concise Statement on February 23, 2016. Statement, 2/23/16. In his brief to this Court, Appellant raises the following question:

> Did trial counsel render ineffective assistance by failing to fully advocate for [Appellant] by weighing what she perceived the sentencing court would think over [Appellant's] own interests and then asking the sentencing court to apply a sentence that is higher than the bottom of the standard range?

Appellant's Brief at 2.

Appellant argues that "All of the evidence [that trial counsel] presented on behalf of her client were all good points that called for her to ask for a mitigated sentence or at worst, a bottom of the standard range sentence." *Id.* at 5-6. Appellant claims that in suggesting a 120-month minimum sentence rather than a 90-month or 78-month minimum sentence, "[t]rial counsel took on a quasi-judicial role by coming up with a number that she believed was something that the judge and Commonwealth would accept." *Id.* at 4. Appellant contends that trial counsel violated Appellant's Sixth Amendment right to effective counsel by (1) failing to engage in the adversarial process, citing *United States v. Cronic*, 466 U.S. 648 (1984), and (2) preventing the sentencing court from exercising its discretion in Appellant's favor, citing *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994), *rehearing denied*, 38 F.3d 759 (5th Cir. 1994).

Our standard of review of the dismissal of a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

A petitioner claiming ineffective assistance of counsel must establish the three prongs of the test from *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987): "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [petitioner] suffered prejudice as a result of counsel's error." *Fears*, 86 A.3d at 804 (citations omitted). Counsel is presumed effective, and a petitioner bears the burden of proving otherwise. *Id*. If a petitioner fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the court need not address the remaining prongs. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010).

With regard to the second prong, a petitioner must prove that his counsel failed to pursue an alternative course of action which "offered a

potential for success substantially greater than the course actually pursued."

***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (citation omitted).

However,

> The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Pierce***, 527 A.2d at 975 (citation omitted). Counsel will not be found ineffective "if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. Counsel's approach must be so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Loner***, 836 A.2d 125, 132–33 (Pa. Super. 2003) (internal quotation marks and citations omitted), ***appeal denied***, 852 A.2d 311 (Pa. 2004).

Specifically, the decision of whether to present a particular defense "is a tactical one and will not be deemed ineffective stewardship if there is a reasonable basis for that position." ***Commonwealth v. Blair***, 421 A.2d 656, 660 (Pa. 1980); ***see, e.g.***, ***Commonwealth v. Rainey***, 656 A.2d 1326, 1330-31 (Pa. 1995) (trial counsel's strategic concession of guilt on second-degree murder rather than pursuit of acquittal was deemed reasonable), ***cert. denied***, 116 S.Ct. 562 (1995); ***Commonwealth v. Davenport***, 431 A.2d 982, 984 (Pa. 1981) (counsel's promotion of self-defense theory over pursuit of voluntary intoxication defense was reasonable). An appellate

court's evaluation of counsel's performance and the reasonableness of her decisions is highly deferential, *Commonwealth v. Rega*, 933 A.2d 997, 1025 (Pa. 2007), *cert. denied*, 552 U.S. 1316 (2008), and an appellate court "will not substitute its determination for that of counsel as to what course of action would have been more effective in promoting the client's interest." *Commonwealth v. Blair*, 421 A.2d 656, 660 (Pa. 1980).

Under Pennsylvania law, a sentencing judge generally has broad discretion in fashioning a sentence. *Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa. Super. 2007). While a judge is obligated to consider the ranges prescribed by the guidelines of the Pennsylvania Commission on Sentencing, the judge may depart from the sentencing guidelines. 42 Pa.C.S. § 9721(b). If there are mitigating or aggravating circumstances present, a judge may select a sentence in the mitigated or aggravated range, 204 Pa. Code § 303.13, 42 Pa.C.S. § 9721, but a judge is not required to sentence in the mitigated or aggravated range, even when presented with mitigating or aggravating circumstances. *Commonwealth v. Wright*, 600 A.2d 1289, 1291-92 (Pa. Super. 1991). The judge must consider the gravity of the offense as it relates to the impact on the life of the victim and on the community, the need for public protection, and the defendant's need for rehabilitation. 42 Pa.C.S. § 9721(b); *Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa. 2007).

At the time of sentencing, the judge **must** afford counsel for both parties the opportunity to present arguments and information relative to sentencing. Pa.R.Crim.P. 704(C)(1) (emphasis added). It follows, therefore, that counsel's role at sentencing is to ensure that the sentencing judge is fully equipped to consider all the requisite aspects of sentencing, and that counsel's arguments should be designed to aid the judge in considering the appropriate factors and in crafting a sentence in accordance with the law. Counsel may be found ineffective, for example, for failing to (1) correct erroneously high sentencing guidelines, **Barnes**, 593 A.2d at 871; (2) investigate or present mitigation evidence, **Commonwealth v. Martin**, 5 A.3d 177, 204 (Pa. 2010), **cert. denied**, 563 U.S. 1035 (2011); or (3) request a presentence investigation and report, **Commonwealth v. Johnson**, 517 A.2d 1311, 1317 (Pa. 1986). The ultimate discretion, however, remains with the sentencing judge, who may completely disregard a sentence recommended by counsel if circumstances so require.[6]

In the instant case, the trial court conducted an evidentiary hearing to determine whether Appellant's trial counsel lacked a reasonable basis for

---

[6] A judge may also disregard the sentence recommended by the pre-sentence or psychiatric reports. **See** Pa.R.Crim.P. 702(A)(1) (a sentencing judge has discretion to order a pre-sentence investigation report); **Commonwealth v. Goggins**, 748 A.2d 721, 729 (Pa. Super. 2000) (stating one of the essential elements of a presentence investigation report includes specific recommendations as to the sentence if the sentencing court has so requested).

suggesting a 120-month minimum sentence. To succeed on his claim, Appellant was required to prove that an alternative course of action available to his trial attorney — here, requesting a 90-month sentence — offered a potential for success substantially greater than requesting a 120-month sentence. *See Paddy*, 15 A.3d at 442. As evidenced by her statements at the hearing, counsel's choice to request a sentence of 120 months was not born of sloth or ignorance, *Loner*, 836 A.2d at 132–33, but of intention, experience, and strategy. We note that Appellant's sentence falls not even at the midpoint of the standard range, but twenty percent from the low end.[7] Trial counsel's strategy was successful, and her reasoning was sound.[8] We hold that the PCRA court did not err in finding that Appellant failed to prove the second prong of the ineffectiveness test.[9]

_____

[7] The standard range is 90 to 240 months; the midpoint would be a sentence of a minimum of 165 months; Appellant received a minimum sentence of 120 months.

[8] We are not persuaded that Appellant's trial counsel was obligated to ask for a mitigated sentence, and find this claim to be without legal merit. Appellant's main contention for why he deserved a sentence in the mitigated range is based on his lack of a criminal history; however, a judge may not deviate below the sentencing guideline ranges based solely on a defendant's clean criminal record, because credit for a clean record is already given under the guidelines in the defendant's prior record score. *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996).

[9] Because we affirm on this basis, we need not examine whether Appellant suffered any prejudice because of counsel's actions. *See Fitzgerald*, 979 A.2d at 911 (stating that if a petitioner fails to prove by a preponderance of
*(Footnote Continued Next Page)*

Appellant's argument that his trial counsel violated his Sixth Amendment right to effective counsel by failing to engage in the adversarial process is without merit. Appellant contends that his trial counsel was so ineffective that he should be presumed to have been prejudiced and to have been the victim of ineffectiveness *per se*; but an analysis pursuant to **United States v. Cronic**, 466 U.S. 648 (1984), which applies to cases in which the denial of counsel is so apparent that prejudice to a defendant is presumed, is not appropriate here. **See** Commonwealth's Brief at 14-17. Few cases fall within the purview of **Cronic**, such as those in which counsel was prevented from cross-examining witnesses, or counsel completely failed to challenge the prosecution's case. **Commonwealth v. Williams**, 9 A.3d 613, 619 (Pa. 2010). A **Cronic** analysis "is limited to situations where counsel's failure is complete, *i.e.*, where counsel has entirely failed to function as the client's advocate." **Commonwealth v. Mallory**, 941 A.2d 686, 700 (Pa. 2008) (citation and quotation marks omitted), **cert. denied**, 555 U.S. 884 (2008). A **Cronic** analysis is not applicable, for example, where an attorney fails to adduce mitigating evidence at a capital sentencing, **Bell v. Cone**, 535 U.S. 685, 696–98 (2002), or where counsel strategically concedes guilt of a lesser charge during a closing statement. **Commonwealth v. Cousin**, 888 A.2d 710, 719 (Pa. 2005). **Cronic** does not apply where, as here, counsel

*(Footnote Continued)* ───────────

the evidence any of the **Pierce** prongs, the court need not address the remaining prongs).

was present and meaningfully participated in Appellant's sentencing proceeding, and strategically conceded to a sentence of imprisonment higher than the bare minimum.[10] Thus, Appellant failed to establish counsel's alleged error was so significant it should be deemed *per se* ineffective assistance of counsel.

Appellant's argument that his trial counsel prevented the sentencing court from exercising its discretion in Appellant's favor also fails. The case cited by Appellant, **United States v. Castro**, 26 F.3d 557 (5th Cir. 1994), is factually distinguishable. In that case, the Fifth Circuit held that a failure to request Judicial Recommendation Against Deportation (JRAD) from the sentencing court could constitute ineffective assistance under an ineffectiveness analysis because, without a request for a JRAD, the sentencing court was not aware it could grant one. **Id.** at 562. Moreover, with limited exceptions not pertinent here, federal court decisions are not binding on this Court. **NASDAQ OMX PHLX, Inc. v. PennMont Secs.**, 52 A.3d 296, 303 (Pa. Super. 2012). Here, Appellant's trial counsel ensured that the sentencing judge was aware of the applicable guidelines range and of all sentencing factors that weighed in Appellant's favor. The trial judge is

---

[10] Moreover, Appellant's brief does not present a meaningful analysis of why the **Cronic** exception to the ineffectiveness test should apply, and to that extent that aspect of his claim is waived. **See Commonwealth v. Furrer**, 48 A.3d 1279, 1281 n.3 (Pa. Super. 2012) (issues not developed in an appellate brief with pertinent authority are waived, citing Pa.R.A.P. 2119(a)), **appeal denied**, 62 A.3d 378 (Pa. 2013).

not beholden to counsel's recommended sentence, and there is no reason to believe that the court could not or would not have sentenced Appellant to a lower sentence than that requested by counsel.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2016