469 A.2d 599

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth CARSON, a/k/a Reginald Brown, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1983.

Decided Dec. 30, 1983.

Burton A. Rose (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Div., Steven Cooperstein, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

The question to be decided in this appeal is whether the Appellant is entitled to a new trial on the basis that his original trial counsel was ineffective. The Appellant was convicted of burglary and related charges in a non-jury trial on March 6, 1978. Following the denial of post-verdict motions, he was sentenced to a term of imprisonment not less than two nor more than twelve years. No direct appeal was taken following imposition of sentence. In April of 1979, the Appellant filed a *pro se* petition for relief under the Post-Conviction Hearing Act. Counsel was appointed and a hearing was held, following which the requested

relief was denied. The Superior Court affirmed. This Court granted allocatur to consider the question whether the Appellant was denied effective assistance of counsel by reason of counsel's failure to explain all of the ingredients of the right to a trial by jury during the colloquy in which the Appellant waived his right to jury trial. We now affirm.

The law to be applied in resolving the question presented is set forth in *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973). In that case this Court reversed a conviction and ordered a new trial where neither the original record, nor the record of a subsequent hearing, justified a finding that the waiver of jury trial was knowing and intelligent. There we observed that

> Nowhere on the record is there any indication that [the defendant] knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. . . . In view of the failure of the record to establish that appellant had sufficient knowledge of the right which it is now contended he waived, we are unable to find that the waiver was either knowing or intelligent.

*Commonwealth v. Williams,* 454 Pa. at 373, 312 A.2d at 600.

The record of the colloquy conducted before the trial judge in this case clearly indicates that the Appellant was informed that a jury consists of twelve jurors whose verdict would have to be unanimous, and that he would be able to participate with counsel in the selection of the jurors. The Appellant argues only that because it was not explained that the jury would be chosen from "members of the community" or from his "peers", the colloquy was defective, counsel was ineffective, and he is entitled to a new trial. In so arguing, he invites this Court to take a step

which it explicitly refused to take in *Williams*. For the reasons set forth in *Williams, see* 454 Pa. at 372–73, 312 A.2d at 599, 600, we decline the invitation.

It must be recognized that *Williams* did not establish a prophylactic rule requiring a new trial for failure of the record to indicate the defendant's knowledge of each and every element of the jury trial right which he was waiving. The focus in *Williams* was, and it remains, whether the waiver was knowing and intelligent, not whether certain talismanic questions were asked and answered. In determining whether this Appellant knowingly and intelligently waived his right to trial by jury, the PCHA court and the Superior Court had before them both the record of the colloquy and the testimony taken at the PCHA hearing from the Appellant and his trial counsel.[1] We find no error in their determination based on this evidence that the Appellant fully understood the ingredients of a jury trial and his rights thereto, and made a knowing and intelligent waiver of those rights.

The Order of the Superior Court is affirmed.

NIX, J., filed a concurring opinion.

NIX, Justice, concurring.

I cannot accept the view the colloquy preceding the waiver of the jury was not defective. To the contrary, under the very clear language of *Williams*, a very important element has been omitted. *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); *see also Commonwealth v. Smith*, 498 Pa. 661, 450 A.2d 973 (1982); *Commonwealth v. Greene*, 483 Pa. 195, 394 A.2d 978 (1978);

---

1. Although the Appellant testified "I don't know actually what a jury trial is. I never had a jury trial," (PCHA Hearing, March 6, 1980, at 18), he also testified that he did not remember any of the questions which the record of the colloquy clearly establishes were asked and answered (*Id.,* at 19). His testimony is thus to some extent suspect. Appellant's trial counsel testified unequivocally as follows:

   Q   Is there any question in your mind that the defendant perhaps did not understand what his rights were in terms of going to a jury trial?

   A   No, I had no question that there was an intelligent waiver. (*Id.* at 29).

*Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978); *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975). It is also true that, in determining the sufficiency of the colloquy, we are confined to considering only the record. *See Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974); *see also Commonwealth v. Morin, supra; Commonwealth v. Boyd, supra;* Pa.R.Crim.P. 1101. Thus a proper examination in this case requires the conclusion that the colloquy was in fact defective.

However, the mere finding that the colloquy is defective does not answer the question as to whether counsel was ineffective in his representation for either failing to call attention to the omission at the time of the colloquy or pursuing the objection on appeal. Unlike the determination as to whether or not the colloquy is sufficient, the question of the adequacy of the stewardship of counsel does not require that we confine ourselves to that which appears on the record of the proceeding in question. Here we had testimony by trial counsel at the post-conviction proceeding to the effect that it was his practice always to discuss the jury trial ingredient at issue before, rather than during, the waiver colloquy, and that he had no question that there had been an intelligent waiver. Given this additional record evidence, I discern no basis for a finding of ineffectiveness. Accordingly, I concur in the majority's mandate.