577 A.2d 1340

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Erinaldo PEREZ.**

Supreme Court of Pennsylvania.

Argued May 10, 1990.

Decided Aug. 1, 1990.

Anthony Sarcione, Executive Deputy Atty. Gen., Robert A. Graci, Andrew B. Kramer, Chief Deputy Attys. Gen., and Andrea F. McKenna, Deputy Atty. Gen., for appellant.

Michael S. Gingerich, Lewistown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

McDERMOTT, J., files a dissenting opinion in which LARSEN and PAPADAKOS, JJ., join.

McDERMOTT, Justice, dissenting.

I am unable to conclude as has the majority that we improvidently granted allocatur in this matter.

In 1984 the appellee pled guilty to two counts of conspiracy to distribute drugs. One count alleged that he and twelve other named persons conspired to distribute marijuana. The second count alleged that he and twelve other named persons conspired to distribute cocaine. Nine of the named persons were involved in both counts. The court imposed a negotiated sentence of eighteen months to five years imprisonment on each count, the terms to be served consecutively. By agreement, the Commonwealth dismissed a number of other charges against the appellee.

By way of a PCHA petition filed in 1985, appellee challenged several aspects of his conviction. The trial court denied relief. On appeal, the Superior Court reversed in part and held that the two conspiracy counts did not allege separate crimes but rather alleged a single conspiracy to distribute marijuana and cocaine. Accordingly, the Superior Court vacated one of the two convictions and remanded the case to the trial court to resentence appellee on his remaining conspiracy conviction. In *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), we stated that:

A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent. The facts that he acknowledges

may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

*Id.*, 504 Pa. at 558, 475 A.2d at 1307. Therefore, the Superior Court erred when it looked beyond the guilty plea, to make its own determination as to the sufficiency of the evidence, and concluded that the Commonwealth would have been unable to establish the existence of two conspiracies. Such a conclusion was clearly contrary to the rule of *Anthony.*

Accordingly, I respectfully dissent.

LARSEN and PAPADAKOS, JJ., join in this dissenting opinion.