The order of the Commonwealth Court is reversed.

NIX, C.J., dissents.

594 A.2d 655

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Stephen D. KERBACHER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 6, 1991.

Decided July 29, 1991.

---

Stephen D. Kerbacher, pro se.

Kenneth A. Osokow, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

The appellant, Stephen D. Kerbacher, pled guilty in the Court of Common Pleas of Lycoming County to the charge of Driving Under the Influence [1] and Driving After Suspen-

1. 75 Pa.C.S. § 3731(a).

sion.[2]  Prior to sentencing, he filed a Motion to Withdrawal his Guilty Plea.  This motion was denied by the trial court, and he was sentenced to consecutive periods of incarceration from four months to eighteen months imprisonment on the Driving Under the Influence conviction and two months on the Driving Under Suspension conviction.[3]  Appellant appealed his judgment of sentence, *pro se*, to the Superior Court which affirmed by *per curiam* order.  396 Pa.Super. 655, 570 A.2d 1088.  Thereafter, appellant filed a Petition for Allowance of Appeal, which we granted to examine the issue of whether the trial court erred in refusing to permit the appellant to withdraw his guilty plea.

The appellant argues that on the day of his trial he informed the court that he had not spoken to his public defender until that same day, and he requested a continuance to obtain new counsel.  He further contends that the Defender's Office failed to honor his request to file a pre-trial suppression motion.  It is and has been appellant's position that the trial court's refusal of his continuance request had a coercive effect upon his guilty plea, thereby rendering the plea involuntary.

In response, the Commonwealth contends that the appellant voluntarily entered his plea after an opportunity to confer with both the assigned public defender and private counsel, and after having received a full and fair colloquy. The Commonwealth also contends that there was no evi-

---

**2.**  75 Pa.C.S. § 1543(a).

**3.**  The sentence is amply explained by the following comments made by the sentencing judge at the time of the imposition of sentence:

THE COURT: Mr. Kerbacher, this is your fourth DUI and it's on a number of driving under suspensions.  Let's say there's a question to how many under suspensions and some of the niceties to exactly how you classify it as some of those prior drivings, but you have not learned.  1986 and now again in 1988 another DUI.  You're a .23. You're still driving.  You're going to kill someone and I think that the people have a right to be protected from you.  That's basically where you're at.  You're a hazard and it hasn't gotten through to you. You're still saying that you believe you're not a problem drinker. That's what you told the people at West Branch.  As far as I am concerned, you're a hazard.  (N.T., February 7, 1989, at p. 12.).

dence that counsel refused to file the suppression motion and that this motion was nevertheless without merit.

■ Although a request to withdraw a guilty plea prior to sentencing should be liberally allowed, in considering such a request "[t]he test to be applied by the trial courts is fairness and justice." *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973) (citation omitted). In analyzing what is fair and just, it has been found by this Court that a knowing and intelligent guilty plea will not be abrogated by a subsequent assertion of a speculative right where such purported right does not call into question the factual basis for the plea and/or the voluntariness of the plea. *Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984).

■ In the present case there is no factual question concerning appellant's guilt: his blood alcohol content was .23, and his license suspension was a matter of record. As regards to the voluntariness of the plea, it should be noted that prior to entering the plea, appellant was given the opportunity to consult with counsel of his choice, after which he made an on the record declaration that he would continue to be represented by the assigned public defender. Moreover, the record of the colloquy reflects that appellant demonstrated no hesitation in his answer to the judge's question during the course of his guilty plea colloquy:

> THE COURT: ... Mr. Kerbacher, do you understand that if you plead guilty to this driving under the influence charge, the Court would have to give you a thirty day period of incarceration and in all likelihood would give you a longer period which would more likely be in the area of forty-five days or so. Do you understand that?
>
> MR. KERBACHER: Yes, Your Honor.
>
> THE COURT: And it could be longer than that, it could be under the law up to a one to two year sentence although I can tell you that will not be imposed. It could be longer than forty-five days, do you understand that?
>
> MR. KERBACHER: Yes.

THE COURT: Have any promises been made to you to what the sentence will be?

MR. KERBACHER: No, Your Honor.

THE COURT: If there were a trial, the District Attorney would have to prove beyond a reasonable doubt that on the 14th of May you operated a motor vehicle while under the influence of alcohol which means that because of the alcohol you consumed, you lacked the clearness of mind or coordination or judgment necessary to drive safely. Do you understand the charge?

MR. KERBACHER: Yes, Your Honor.

THE COURT: How do you plead?

MR. KERBACHER: Guilty.

N.T., October 18, 1988, at pp. 2–3. The appellant also executed an extensive guilty plea colloquy form in which he acknowledged the rights which he was surrendering. After reviewing this form, the trial judge made further inquiry:

THE COURT: ... Mr. Kerbacher, did you initial the pages of this form?

MR. KERBACHER: Yes, I did, Your Honor.

THE COURT: Who answered the questions?

MR. KERBACHER: I did, Your Honor.

THE COURT: Did you have your attorney available to you when you went through them or someone from the Public Defender's office?

MR. KERBACHER: Yes.

THE COURT: Were you satisfied that you understood each question before you gave an answer to it?

MR. KERBACHER: Yes, Your Honor.

THE COURT: Are there any questions you would like to ask me about any of the questions or anything else having to do with your case?

MR. KERBACHER: Only thing I didn't—where it says two counts in the front.

THE COURT: That's all one count and the record will reflect—you will hear me dictate it's one count. There's

two different forms of the charge. They do it in that way. It's only one as far as the record is concerned. N.T., October 18, 1988, at pp. 6–7.

After reviewing the record, we detect neither unfairness nor injustice in the refusal of the lower courts to permit a withdrawal of the guilty plea, and under this Court's decision in *Commonwealth v. Anthony, id.*, there exists no basis upon which these decisions should be disturbed.

Accordingly, the order of the Superior Court is affirmed.

NIX, C.J., dissents.