J-S70012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEROME FINCH | |
| Appellant | No. 395 EDA 2014 |

Appeal from the Judgment of Sentence October 20, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002091-2008

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 29, 2014**

Jerome Finch appeals *nunc pro tunc* from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after he pled guilty to first-degree murder,[1] aggravated assault,[2] and possession of an instrument of crime (PIC).[3]  Upon review, we affirm.

On the evening of November 16, 2007, Finch murdered his girlfriend, Deidra Burkett, by stabbing her multiple times in vital areas of her body and then attempting to choke her while she was bleeding.  Finch also inflicted a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 2702.

[3] 18 Pa.C.S. § 907.

knife-wound on her eldest son, Desmond King. On October 20, 2008, Finch pled guilty pursuant to a negotiated plea agreement to the aforementioned offenses. In exchange for his plea, the Commonwealth agreed not to pursue the death penalty. Following a thorough plea colloquy, the court accepted the plea agreement. The court sentenced Finch immediately thereafter to a term of life imprisonment on the charge of first-degree murder and a concurrent term of five to ten years' imprisonment on the aggravated assault charge.

Finch did not file post-sentence motions or a direct appeal. Instead, he filed a *pro se* PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The court reinstated Finch's direct appeal rights on April 10, 2010, and he subsequently filed a direct appeal. However, this Court dismissed the appeal because counsel neglected to file a brief. Finch filed another *pro se* PCRA petition again requesting the reinstatement of his appeal rights *nunc pro tunc*, which the court granted on January 9, 2014. This appeal followed.

On appeal, Finch presents a single issue for our review: "Whether the defendant's guilty plea was knowing and voluntary because the oral colloquy conducted by the trial court was inadequate." Brief of Appellant, at 2.

Finch's claim is waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa.

Super. 2003). In order to preserve an issue related to a guilty plea, an appellant must either "object[] at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002).

Here, Finch did not object to the plea at the hearing, nor did he file any post-sentence motions. While Finch avers that he contested the facts of the case, at no time did he object to or attempt to withdraw his plea. In fact, when Finch offered his version of events, he indicated that he was not disputing the facts of the death or the wound to Desmond King. N.T. Plea Hearing, 10/20/08, at 33-34. Because Finch did not object to his plea or dispute the facts underlying the charges, we cannot conclude that his challenge to the facts preserved his present claim. *See D'Collanfield*, *supra*.

Even if Finch did preserve his claim, it is meritless. Finch argues that his guilty plea was unknowing and involuntary because the oral colloquy conducted by the trial court was inadequate. Finch believes the oral colloquy was inadequate because the court did not define intentional killing or malice, and the judge did not explain to Finch that although he admitted to killing Deidra Burkett, he was relinquishing his right to plead guilty to lesser charges of murder.

The law is clear, "to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). Thus, a court accepting a defendant's

- 3 -

guilty plea is required to conduct an on-the-record inquiry during the plea colloquy.  ***See*** Pa.R.Crim.P. 590.  Our Supreme Court has held that to satisfy the requirements of Rule 590, the trial court must inquire, at a minimum, as to the following:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he/she has the right to a trial by jury?
>
> (4) Does the defendant understand that he/she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Commonwealth v. Anthony***, 475 A.2d 1303, 1307 (Pa. 1984).

Additionally, we note that:

> Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea.  Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the defendant fully understood the nature and consequences of his or her plea and then voluntarily and knowingly decided to plead guilty.

***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996).

Our review of the plea-hearing transcript indicates that the oral colloquy conducted by the trial court was adequate.  ***See Anthony***, ***supra***. During the oral colloquy, the Honorable Benjamin Lerner questioned Finch

regarding his comprehension of the alleged charges, the factual basis for the plea, his right to a jury trial, the presumption of innocence, the permissible range of sentences, and that Judge Lerner was not bound by the terms of the plea agreement until he accepted the plea. Finch replied in the affirmative to each inquiry. Moreover, Finch completed a written plea colloquy prior to the hearing in which he also indicated he understood the connotations of his plea and its consequences. Based on the totality of the circumstances, it is apparent Finch fully understood the guilty plea process, his trial rights, and the rights he would relinquish by pleading guilty. Accordingly, Finch entered his guilty plea knowingly, voluntarily, and intelligently. *See Pollard*, *supra*. Additionally, while Judge Lerner may not have explicitly defined intentional killing and malice, this omission does not render Finch's plea invalid because it is clear he fully understood the nature and consequences of his plea and then voluntarily and knowingly decided to plead guilty. *See Yager*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2014