J-A28023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL ANTHONY VERDUCCI | : | |
| | : | |
| Appellant | : | No. 349 EDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000319-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 29, 2018**

Samuel Anthony Verducci appeals from the judgment of sentence entered on December 16, 2016, in the Court of Common Pleas of Monroe County. Verducci argues on appeal that the court imposed an illegal sentence, as the factual basis for his guilty plea to violating 18 Pa.C.S.A. § 4953(a), retaliation against a witness, established a misdemeanor of the second degree, not a felony of the third degree. We affirm.

We assume the parties' familiarity with the facts and procedural history underlying this appeal. We provide the following brief recitation of the pertinent factual and procedural background. Verducci sent a series of threatening text messages to Deborah Berrigan, his mother's guardian. **See** Affidavit of Probable Cause, dated 4/30/15. Verducci had numerous issues with her, **see id**., and she had testified against him previously in another matter.

The Commonwealth charged Verducci with one count of retaliation against a witness, 18 Pa.C.S.A. § 4953(a), graded as a felony of the third degree, and ten counts of harassment, 18 Pa.C.S.A. § 2709(a)(4). The parties later reached an agreement whereby the Commonwealth agreed to drop all ten harassment counts if Verducci entered an open plea of guilty to the one felony count of retaliation.

The written guilty plea colloquy lists the offense as "Retaliation against Witness or Victim (F-3)." The form provides the sentencing guideline ranges for the offense. And it further states that Verducci "understand[s] all of the elements" of the offense and states that "[o]n December 29, 2014 in POCONO Township, Monroe County, Pennsylvania[,] I repeatedly threatened and harassed Deborah Berrigan an appointed guardian of my mother's person and estate." Verducci initialed each page of the written plea colloquy and signed the last page.

At the guilty plea hearing, Verducci's attorney informed the court that he was "pleading guilty to count one, retaliation against a witness or victim. It is a felony of the third degree. The facts are that on or about December 29 in Pocono Township, he repeatedly threatened to harass Deborah Berrigan, an appointed guardian of, I believe, his mother's person and estate." Verducci answered, "Yes, sir, your Honor," when asked by the court if he wanted to plead guilty to that offense. The court later imposed a sentence of forty to eighty months, a sentence at the very beginning of the standard range of the guidelines. This appeal followed.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Verducci does not contest the validity of the guilty plea itself; he has never alleged the plea was not knowingly, voluntarily, and intelligently entered. Indeed, he never moved to withdraw the plea. Instead, Verducci argues the court imposed an illegal sentence, as the factual basis for the plea does not support grading the offense as a third-degree felony. "[T]he proper grading of an offense pertains to the legality of the sentence." ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2016) (citation omitted).

To understand Verducci's argument we must consider 18 Pa.C.S.A. §§ 4953(b) and 4952(b)(1). Section 4953(b) provides that "[t]he offense is a felony of the third degree if the retaliation is accomplished by any of the means specified in section 4952(b)(1) through (5) (relating to intimidation of witnesses or victims). Otherwise the offense is a misdemeanor of the second degree." The applicable subsection of § 4952 is (b)(1)(i): "The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person."

Before accepting a plea, "the court must determine whether there is a factual basis for the plea: i.e., whether the facts acknowledged by the defendant constitute a prohibited offense." ***Commonwealth v. Fluharty***, 632

- 3 -

A.2d 312, 314 (Pa. Super. 1993) (citation omitted). **See also** Pa.R.Crim.P. 590, *Comment*. This "factual basis" requirement, however, "does not mean that the defendant must admit every element of the crime." **Fluharty**, 632 A.2d at 315 (internal quotation marks and citation omitted). The key is that the "circumstances surrounding the entry of the plea indicate that the defendant understood the nature of the charge against him." **Commonwealth v. Schultz**, 477 A.2d 1328, 1330 (Pa. 1984) (emphasis omitted). And absent an assertion that the defendant did not actually understand the nature of the offenses charged, we can presume the defendant had notice of the crimes in sufficient detail to support the guilty plea. **See Commonwealth v. Anthony**, 475 A.2d 1303, 1306 (Pa. 1984).

Here, Verducci was twice informed that he was pleading guilty to *felonious* retaliation. And he twice affirmatively responded that he understood that fact. He was also informed, twice, of the underlying circumstances—that he threatened, via text message, the victim. Again, he affirmatively responded, two times, that he understood. "[T]he plea of guilt admits that the facts and intent occurred…." **Id**., at 1307. And here that is a felonious intent. So, there was an established factual basis for the plea.

As the factual basis for the plea supported the application of § 4952(b)(1), we find the court imposed a legal sentence—and one which, as mentioned, is at the very beginning of the standard guideline range.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18