J-S23026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYDELL MIDDLETON | : | |
| | : | |
| Appellant | : | No. 2570 EDA 2022 |

Appeal from the PCRA Order Entered August 15, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001913-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED AUGUST 29, 2023**

Rydell Middleton appeals from the order denying without a hearing his first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm the PCRA court's dismissal of Middleton's petition but vacate his judgment of sentence and remand for the trial court to correct its sentencing order.

On May 6, 2019, Middleton entered a negotiated guilty plea to robbery and receiving stolen property. Middleton agreed to the following factual basis:

> [O]n August 8, 2017, shortly before 1:05 a.m. [the Complainant] was working for Domino's Pizza and was making a food delivery to 1621 South Newkirk Street in the City and County of Philadelphia. The number used to place that order was (267) 404-3939. Upon arriving [at that address], [the Complainant] called the number used to place the order but no one answered.
>
> As he was going back to his car, he observed a male who was about five-nine, medium-build, wearing a black ski mask, hooded sweatshirt and jeans walking towards him. The male

reached into his waistband. A struggle ensued between [the Complainant] and that individual. [The Complainant] was afraid that he didn't want to get hurt and began to back away, at which point the person in the ski mask got into [the Complainant's] vehicle and fled westbound on Tasker.

Police tried to locate the car via the cell phone that was in there. In addition to the car that was taken which was a 2014 Nissan Sentra with PA tag KDJ8704, there were two iPhones and his wallet. A search was conducted for that phone number that was used to place the order, (267) 404-3939. It was - - the user name associated with it was Rice Bags 247 and an email address of ricebags247@gmail.com. A search warrant was issued on Google for that account.

A few days later on the 12th a woman by the name of Chelsea Cantwell arranged to buy a 2014 Nissan Sentra with PA tags KDJ8704. She came into Philadelphia and agreed to pay $900 as well as give over her vehicle in exchange for the Nissan Sentra. In order to facilitate that transaction, she had been texting with a number of (215) 315-8036. That phone number belongs to [Middleton].

A search warrant was also issued for an Instagram account of Rice Bags [247]. From that, Your Honor, there were a number of messages that were received in the days in between the 8th and 12th, which is when the car was sold. A number of messages coming from Rice Bags [247] stating: Do you know of any chop shops? I got a 2014 Maxima, bro.

On the 8th of August, there was a message with the - - 2014 Nissan Sentra with the previously stated PA tag coming from that Instagram account as well, as well as a number of other messages asking for chop shops, trying to get rid of a hot 2014 Nissan Sentra as well as a message coming from Rice Bags stating: Yo, call me now. It's important. (215) 315-8036, which is the number that Chelsea Cantwell was communicating with in order to facilitate the sale of the vehicle.

Police later recovered the vehicle and it was returned to [the Complainant].

N.T. 5/6/19, at 20-23. This incident occurred while Middleton was on state parole.

After entering his plea, Middleton agreed to proceed directly to sentencing and the trial court imposed the negotiated aggregate sentence of three to six years of incarceration. Middleton's robbery conviction constituted a second strike pursuant to Section 9714 of the Judicial Code. However, as part of the plea agreement, the Commonwealth did not seek the mandatory sentence for that conviction. In addition, the Commonwealth withdrew three other charges. Middleton filed neither a post-sentence motion nor a direct appeal.

On May 18, 2020, Middleton filed a *pro se* PCRA petition. Although the PCRA court sought the appointment of counsel for Middleton, privately-retained counsel filed an amended petition on January 14, 2022. The Commonwealth filed a motion to dismiss on May 18, 2022. On July 19, 2022, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Middleton's petition without a hearing. Middleton did not file a response. By order entered August 15, 2022, the PCRA court denied Middleton's petition. This timely appeal followed. Both Middleton and the PCRA court have complied with Pa.R.A.P. 1925.

Middleton raises the following issues on appeal, which we have reordered as follows:

> 1. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Middleton's] PCRA claim that trial counsel was ineffective for advising [him] to plead guilty to the criminal offense of robbery when the facts placed on the record by the Commonwealth did not support a conviction for this criminal offense?

2. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Middleton's] claim that counsel was ineffective for advising him that if he entered into a guilty plea, his sentence would run concurrent to the time imposed on his state parole violation?

Middleton's Brief at 6.

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [*See* Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted). Regarding a claim that counsel was ineffective:

> It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of

the ineffectiveness inquiry, his claim fails. ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

With respect to claims that plea counsel was ineffective:

Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*)[.]

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012–13 (Pa. Super. 2016) (some citations omitted). Notably, a PCRA petitioner cannot assert grounds for withdrawing a guilty plea that contradict his statements made under oath in a guilty plea colloquy. ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa. Super. 2013) (citing ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007)).

In his first issue, Middleton essentially challenges the factual basis for his guilty plea to robbery. Middleton asserts that there was "no evidence placed on the record by the Commonwealth that prove[d], beyond a reasonable doubt, that [he] robbed the complainant." Middleton's Brief at 17. Middleton therefore contends that Commonwealth's case to support his robbery conviction was "entirely predicated on circumstantial evidence." *Id.* at 18.

In addition to providing that a guilty plea be offered in open court and setting forth the procedure to determine the validity of the plea, Rule 590 of the Pennsylvania Rules of Criminal Procedure also requires the trial court to determine "whether the facts acknowledged by the defendant constitute a prohibited offense." ***Commonwealth v. Anthony***, 475 A.2d 1303, 1307 (Pa. 1984). Here, the PCRA court found no arguable merit to Middleton's claim:

> A person is guilty of robbery if, in the course of committing a theft, he threatens another with or intentionally puts him in fear of serious bodily injury. 18 Pa.C.S. § 3701(a)(ii). The facts as recited by the Commonwealth and admitted by [Middleton] established that on August 8, 2017, at 1:05 a.m., [Middleton] wearing a ski mask and reaching into his waistband, approached the Complainant . . . who was making a food delivery at 1621 Newkirk Street. After a struggle between [Middleton] and the Complainant, the Complainant backed away because [Middleton] was reaching into his waistband and the Complainant "didn't want to get hurt." [Middleton] then entered the Complainant's vehicle, a 2014 Nissan Sentra with Pennsylvania tags KDJ8704, and drove away. These circumstances demonstrate that [Middleton], while committing a theft, intentionally put the Complainant in fear of immediate serious bodily injury. Therefore, the facts as recited were sufficient to establish the offense of Robbery.

[Middleton] further claimed that there was no direct evidence placed on the record that proved his identity as the [r]obber. This claim is also meritless. A search was conducted for the telephone number that was used to place the pizza order that brought the Complainant to the location of the robbery (267-404-3939). The same phone number was associated with a user "Rice Bags 247." A search warrant was issued for the Rice Bags [247] Instagram account which revealed the account holder inquiring about chop shops to get rid of a "hot Nissan Sentra."

Another message sent from the Rice Bags [247] account stated, "Yo, call me now. It's important (215) 315-8036." That phone number belonged to [Middleton]. The same number was used to arrange the sale of the Complainant's 2014 Nissan Sentra to Chelsea Cantwell.

\*\*\*

Sufficient evidence of the elements of robbery and the identity of [Middleton] were recited at the plea hearing and explicitly admitted by [Middleton]. Therefore, [Middleton's] claim that insufficient evidence existed to support a negotiated guilty plea was without merit.

PCRA Court's Opinion, 10/21/22, at 5-6 (footnotes and citations omitted). Our review of the record supports the PCRA court's conclusion.

Middleton's claims to the contrary are unavailing. He asserts that the evidence placed on the record by the Commonwealth at the guilty plea hearing would have been insufficient to prove his identity as the robber had the case gone to trial. Middleton's Brief at 21. According to Middleton, at most, the facts presented by the Commonwealth proved that he received a stolen vehicle. *Id.* at 19. We disagree.

Even though evidence of his identity as the robber was circumstantial, it was still sufficient to support Middleton's guilty plea to both charges. As

succinctly stated by the Commonwealth, "[t]he facts presented established that [Middleton] called for a pizza delivery with a phone number registered to his Instagram account and robbed [the Complainant] of his car, then used that same account to try to sell the stolen car by soliciting potential buyers to call him on a different phone number registered to himself."  Commonwealth's Brief at 5.  Thus, Middleton's first claim of ineffectiveness fails.

In his second issue, Middleton claims that plea counsel was ineffective for failing to inform him that the back time he would receive given his parole violation could not run concurrent to his new sentence.  He then cites to a "discussion [that] took place on the record during the guilty plea hearing" that left him "with the misimpression that the parole board had the discretion to run the sentences concurrently."  Middleton's Brief at 13-14.  According to Middleton, "[r]egardless of whether there were conflicting statements made in this regard, enough confusion resulted from the [this discussion] that the plea could not have been knowing and voluntary."  *Id.* at 14.  In making this argument, Middleton likens his case to the recently decided non-precedential decision in ***Commonwealth v. Robinson***, No. 913 EDA 2020 (Pa. Super. October 20, 2020) and requests the same disposition—a remand for an evidentiary hearing.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Section 6138(a)(5)(i) of the Prisons and Parole Code provides:

> (5)    If a new sentence is imposed on the [parolee], the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. 6138(a)(5)(i). In *Commonwealth v. Kelley*, 136 A.3d at 1013-14, this Court explained that "[i]mposition of a new state sentence concurrent with the parolee's new sentence is an illegal sentence under [Section 6138]."

Here, the PCRA court found no arguable merit to Middleton's claim, and explained as follows:

> Section 6138 provides that it is legally impossible to run backtime imposed by the Pennsylvania State Parole Board concurrently with a sentence imposed on a new matter that constitutes a violation of state parole.

\*\*\*

[Middleton] argued that he was given erroneous information by his trial counsel relating to this well settled law. The record does not reflect this. [Middleton's] written and signed plea colloquy clearly stated: "the sentence on this guilty plea may not run concurrent to (at the same time as) a state (backtime) sentence for a parole violation." During the oral guilty plea colloquy, [Middleton] indicated that he and his counsel went over his legal rights from the written colloquy line-by-line and that he understood everything that was said.

Furthermore, during the oral guilty plea colloquy, the [court] informed [Middleton] that [the] state parole board would have the option of imposing further punishment. [Middleton's] counsel stated to the [court] that he informed [Middleton] that it was not the practice of the parole board to run any further punishment concurrently with his sentence. Therefore, [Middleton] was given adequate notice that whether further punishment would run concurrently with his aggregate sentence would be at the state parole board's discretion, though that is not the usual practice. Consequently, [Middleton's] contention that counsel was ineffective for suggesting a concurrent running of back time with his new sentence was meritless, and the [court] did not err when in it dismissed his [PCRA petition].

PCRA Court Opinion, 10/21/22, at 7-8 (footnotes and citations omitted).

Our review of the record supports this conclusion. When compared to his answers in the written and oral plea colloquies, the only factual issues presented were created by Middleton's self-serving statements within his PCRA petition. *Willis*, *supra*.

Moreover, Middleton's claim that his case is similar to *Robinson*, *supra*, is unavailing. In that case, Robinson's written plea colloquy expressly stated that the Commonwealth was not opposed to Robinson's state parole violation sentence running concurrent to the sentence to be imposed as a result of the guilty plea. Here, the concurrent sentencing scheme was not part of

Middleton's plea agreement, and no such statement was made by the Commonwealth prior to the court's acceptance of the plea. Indeed, as noted above, the written plea colloquy expressly informed Middleton that this sentencing arrangement was not possible.

In addition, during the guilty plea hearing in **Robinson**,[1] the Commonwealth commented that "the other caveat of agreeing to run it concurrent, that's up to the Department of Corrections. It's simply a recommendation to them." **Robinson**, non-precedential decision at 8.[2] Here, the Commonwealth made no such statement. Rather, after the trial court imposed sentence and restitution, the court stated, "I think I covered everything else, so you can give [Middleton] his appellate rights." N.T., 5/6/19, at 34-35. This statement prompted the following exchange:

> [PLEA COUNSEL]: Your Honor, the only thing [Middleton] wanted me to raise is - - and I think we touched on it during the colloquy - - it will be a violation of parole. He realizes that he has not been sentenced on that violation yet. So at this point, even if Your Honor says that this sentence can run concurrent to all other sentences, it won't guarantee that happens. We would ask if you

---

[1] As in this case, it appears that Robinson proceeded immediately to sentencing following the entry of his guilty plea. There is no indication in the panel decision when the Commonwealth made these comments.

[2] While we agree with the **Robinson** panel's further statement that the parole board does not have discretion to run the new sentence and backtime concurrently, we note that the parole board does have the discretion when determining whether parole will be revoked. **See** 61 Pa.C.S.A. § 6138(a)(1); N.T., 5/16/19, at 18 (trial court informs Middleton that the state parole board "would have the option of imposing further punishment on you").

- 11 -

would state for the record that this is concurrent with any other sentences, that way it'll at least give him - - give the option in the future of someone to run it concurrently. I told him the parole board, that's not their practice, but.

THE COURT: I'll state it's concurrently, but obviously, it's the parole board and prison that will determine that.

[PLEA COUNSEL]: Exactly. If, Your Honor states it - -

THE COURT: I did state it.

[PLEA COUNSEL]: - - we appreciate it as well.

N.T., 5/6/19, at 35. Given the written plea colloquy in this case, and Middleton's repeated affirmance that he went over the plea colloquy line by line with plea counsel, we are not persuaded that the above exchange caused such confusion that a remand is warranted in this case.

In sum, given the totality of circumstances surrounding the entry of his guilty plea, **Yeomans**, **supra**, the PCRA court correctly determined that Middleton's ineffectiveness claims lacked merit, and that an evidentiary hearing was not warranted. We therefore affirm the order denying Middleton post-conviction relief.

Nevertheless, we note that the trial court's May 6, 2019, sentencing order does state that the new sentence it imposed was to run "concurrently with . . . any other sentence being served." Order, 5/6/19, at 1. In essence, the trial court "tethered" his three-to-six-year sentence "to the sentence under which he was then on parole." **Commonwealth v. Coley**, No. 1594 MDA 2022 (Pa. Super., July 25, 2023), non-precedential decision at 9. In doing so, the trial court imposed an illegal sentence, as that is a violation of Section

- 12 -

6138, **supra**.  Thus, notwithstanding the fact that we are affirming the PCRA court's dismissal of his PCRA petition, Middleton's "judgment of sentence must be vacated and this matter remanded to allow for the correction of the [May 6, 2019] sentencing order." **Id.** at 11.

Order affirmed.  Judgment of sentence vacated.  Case remanded for further proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023